F. M. BORDERS, *as Administrator, etc.*, v. A. CARROLL.
No. 14,317.   (83 Pac. 1115.)

BANKS AND BANKING — *Fraudulently Induced Sale of Stock* — *Punitive Damages.* In an action for damages for fraud in inducing a sale of bank stock, where the court erred in including certain items in its computation of the value of the stock, the amount allowed in excess of the actual value of the stock was not permitted to stand as punitive damages.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed March 10, 1906. Reversed.

*Kos Harris,* and *Ed. T. Hackney,* for plaintiff in error.

*W. W. Schwinn,* for defendant in error.

*Per Curiam:* This is one of several actions originating in the purchase of stock in the Wellington National Bank by John T. Stewart while he was the president and manager of the bank. The sellers of the stock in each case claimed that Stewart, while president and in the actual management of the bank, fraudulently manipulated the assets and the books of the bank so as to cause the stock to appear to be of

much less than its actual value, for the purpose of deceiving the stockholders and inducing .them to sell their stock to him for a sum greatly less than its true value.   The plaintiffs in each of the actions sought to recover from Stewart the difference between what they received for the stock sold to him and its actual value when sold.

In this action, as in the others, the plaintiff recovered judgment.   The defendant brings the case here alleging that the court erred in including certain items in its computation in determining the value of the stock at the time of the sale.   In the case of *Stewart v. Smith*, 72 Kan. 77, 82 Pac. 482, these precise questions were involved, and it was held that such items should not have been included in making the estimate. For further facts of this case see *Stewart v. Smith, supra*.

In addition, it is now contended by the defendant in error that he was entitled to punitive damages on account of the fraud of Stewart, and, if it should be held that the items referred to should not have been included in estimating the value of the stock when Stewart purchased, that inasmuch as plaintiff was entitled to punitive damages the amount allowed by the court in excess of the actual value of the stock should be allowed to stand as such damages.   The action was brought to recover the difference between what plaintiff received and the actual value of the stock, which is .alleged to have been 'worth $400 per share.   The objectionable items were included for the purpose of fixing the value of the stock when sold, and not as punitive damages.   There was no claim for punitive damages, and the court did not allow any.

The judgment of the court is reversed on the authority of *Stewart v. Smith, supra,* and the cause remanded.